Dickman, J.
The road commissioners, in laying out and establishing Free Turnpike No. 50, established the bounds of the same to the full extent of one mile on each side thereof, and reported to the county commissioners all the real and personal property of the plaintiffs, among others, within one mile on the north side of the free turnpike as taxable for its construction and maintenance. On the north side of the free turnpike, and unconnected therewith, there was an unimproved county road, within less than two miles thereof; and on the south side of the free turnpike, within less than two miles thereof, and unconnected therewith, there was also an unimproved county road. For the purpose of constructing and maintaining the free turnpike, the auditor of the county, in compliance with an order of the county com *245 missioners, levied a tax on the grand duplicate, against all the lands and personal property of the plaintiffs, among others, lying and being on the north side of the free turnpike, and within one mile of the same.
The tax was levied under the law regulating “ one mile assessment pikes,” embraced in sections 4774 to 4828 inclusive, of the Revised Statutes, section 4786 of which provides as follows : “ Extra taxes,, when levied as hereinbefore provided, shall be on real and personal property within one mile on each side of the free turnpike road, except.....that when any road improvement, or free turnpike road, built and completed under any of the turnpike laws, begins or terminates in the proposed free turnpike, or where any of such roads, or any toll-road, or unimproved state or county road, being unconnected with the same, runs upon either side of such proposed road, within less than two miles, then the taxes shall only be levied upon such lands and personal property as lie within one half the distance of such roads.”
It is contended that, by this section of the statutes, a special taxing district was created, of one mile on each side of the free turnpike road, and for the purpose of constructing and maintaining such road, extra taxes should be levied, if at all, on all- the real and personal property within the district; but, as the section provides that where an unimproved county road, unconnected with the turnpike road, runs upon either side thereof within less than two miles, such lands and personal property as lie beyond one half the distance of such roads, shall be exempt from taxation, though within the one mile taxing district; and as, by reason of such provision, all property in the taxing district is not taxed by a uniform rule, according to its true value in money, section 4786, in its application and operation in the present case, is in violation of section 2, of article 12, of the constitution. In this section, the constitution recognizes and enforces the principle of equality and uniformity in the imposition of public burdens, and when a taxing district is carved out for defraying the cost and expenses of a local improvement, all property within the district must be taxed by a uniform rule, *246 except the specific property which the section provides may, by general laws, be exempted, from taxation.
What territory shall constitute the district for the purpose of taxation, may be provided for by the general assembly, in the exercise of its legislative power. It has been decided in Bowles v. The State, 37 Ohio St. 35, that the legislature, in the exercise of the general power of taxation, may create a special taxing district without regard to municipal or political subdivisions of the state, and may levy a tax on all property within such district, by a uniform rule, according to its true value in money, for the purpose of defraying the expenses of constructing and maintaining public roads therein.
The general assembly, by general law, in section 4786 of the Revised Statutes, has provided, that when extra taxes are levied for the purpose of constructing, improving and repairing a free turnpike road, the levy shall be on real and personal property within one mile on each side of such road, except that where an unimproved state or county road, unconnected with the same, runs upon either side of the proposed free turnpike road, within less than two miles, the taxes shall only be levied upon such lands and personal property as lie within one half the distance of such roads. The statute thus-provides for a taxing district of one mile in width on each side, coterminous with the turnpike, but subject to be contracted in width, wherever along the line of the turnpike an unconnected and unimproved state or county road runs within less than two miles. The language of the statute describes the taxing district, in designating the distance within which extra taxes are to be levied on lands on each side of the turnpike, and marks out the limits of such district where an unimproved state or county road runs at less than a certain distance.
The plaintiffs’ action rests upon the ground that the entire boundaries of the taxing district must embrace one mile of territory on each side of the free turnpike, and that the section of the statute under consideration, instead of narrowing the bounds of the district, where an unimproved state or county road runs within less than two miles, exempts from *247 taxation, the lands and personal property lying beyond one half the distance between the county road and turnpike, although actually lying within the one mile taxing district. But in laying out and establishing a free turnpike road, the taxing district, in our view, may extend one mile on each side thereof, or a mile on one side and less than that distance on the other side; or on the same side of the turnpike, the limits of the district may be one mile at one point, and less than one mile at another point, as the conditions are found to exist which are provided for in the statute. The exemptions specified in section 4786, supra, are designed, we think, to contract the bounds of the taxing district according to the facts and circumstances of the case, and not to exclude from taxation any real or personal property that may lie within a district constituted in accordance with the statute. The road commissioners having exceeded their power, by extending the limits of the taxing district, and bringing within its bounds lands and personal property which could not be properly included therein, the want of uniformity in levying the extra tax within the district must be referred, not to an infirmity of the statute, as being repugnant to the constitution, but rather to a failure to comply with the requirements of the statute.
In section 4779 of the Revised Statutes, there is a proviso that the words “ bounds ’ of the road,” wherever used in the chapter entitled “ One-Mile Assessment Pikes,” shall be held to include so much land on either side of such road as may be charged with the extra tax levied for its construction and maintenance. The bounds of the road are thus made to represent the limits of the taxing district. But, section 4787 of the Revised Statutes provides : “ If the road commissioners report to the county commissioners that the extra taxes levied' within the bounds of the road are insufficient to make a good and substantial road, the county commissioners, if in their opinion the public interest requires it, may order the road commissioners to extend the bounds of the free turnpike road to one mile on either side of the same, when a majority of the resident 'land owners owning land *248 within the bounds 'of the territory proposed to be extended sign a petition therefor.” It is evident that this language of the section has reference to a taxing district of which a portion, at least, may be less than one mile in width on one or both sides of the free turnpike, but which may be enlarged to. the width of one mile, when the extra taxes levied within the bounds of the road prove inadequate to make a good and substantial road.
At the time of the laying out and establishment of Free Turnpike No. 50, there was on the north side of the same, the unimproved county road leading from Hillsboro to Marshall ; and on the south side thereof; the unimproved county road leading from the Furnace Road to the New Limestone State Road — each county road being unconnected with, and within less than two miles of the turnpike. The bounds of the turnpike, or taxing district created for its construction and maintenance, could not be extended beyond one half of the distance of the turnpike from the respective county roads, except under the exigency stated in the statute. The lands and personal property that lay beyond one half the distance, not being within the boundaries of the turnpike, would not be taxable as property in the district, by the uniform rule of the constitution.
The decision in Fields v. Commissioners of Highland County, 36 Ohio St. 476, has been "cited in behalf of the plaintiffs. That case is not in conflict with, but rather in confirmation of the views which we have herein advanced. It was an action to enjoin the commissioners of Highland county from taking further steps towards the establishing of certain turnpike roads, under the act of March 20, 1879, entitled “An act to authorize the commissioners of certain counties to locate and construct turnpike roads.” Revised Statutes, §§ 8047-8057 inclusive. For the purpose of aiding in the construction of such roads, section 6 of the act authorized an additional levy annually, of not more than two mills on the dollar of valuation, on the grand duplicate of taxable property in the county, from year to year, until the completion of the road or roads. The proposed establishment of *249 the roads in controversy was for county purposes, and the taxing district was therefore bounded by the county lines. Cooley on Tax., 2d ed., 141. It was contended that a large number of acres of land in the county had already been assessed for the construction of a large number of turnpikes in the county, and should, by virtue of the provisions of section 7 of the act, be exempt from bearing any of the burden of taxation necessary to the construction of the roads about to be located and established. The validity of the act was assailed, and was held to be in violation of the constitution, because lands in the same taxing district were, by the act, relieved from taxation, by reason of having been previously assessed. In the opinion, Boynton, C. J., says: “In our opinion it is clearly in conflict with section 2, article 12, of the constitution, which, with certain specific exceptions, requires all real and personal property to be taxed by a uniform rule, and according to its true value in money. ‘ Equality of burden is the principle of the constitution.’ There is to be ‘no rule that exempts some property and casts the burden of government upon the rest.’ Exchange Bank of Columbus v. Hine, 3 Ohio St. 43. This, section 7 of the act expressly does. Lands before assessed for similar improvements are exempted from taxation to the extent of the assessment previously made, and the burden from which such lands are thus relieved, is cast on the remaining property of the county.”
Finding no error in the record, the judgment of the circuit court is accordingly

Affirmed.